UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMES PALLONETTI,

                            MEMORANDUM & ORDER

              Petitioner,

-against-                       11-CV-3563 (SLT)

STEVEN E. RACETTE,

              Respondent.
-----------------------------------------------------------x

**TOWNES, United States District Judge:**

Petitioner, James Pallonetti, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks relief from his conviction in the Supreme Court of the State of New York, Kings County, for murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and petit larceny. His petition initially asserted both exhausted and unexhausted grounds for relief, however Petitioner has agreed to voluntarily withdraw his unexhausted claims so that this Court can review his exhausted claims that are properly before the Court. *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (allowing a petitioner to delete his unexhausted claims and proceed with his exhausted claims in a mixed petition).[1] Petitioner's outstanding grounds for relief are that (1) he was denied due process when the trial court failed to, *sua sponte*, order an examination to determine his competency to stand trial; (2) the verdict, which rejected his extreme emotional disturbance ("EED") defense, was against the weight of the evidence; and (3) his appellate counsel was constitutionally ineffective. For following reasons, his petition his denied.

---

[1] Petitioner's letter which voluntarily withdraws unexhausted claims is styled as a motion, **[Docket No. 11]**, which, out of an abundance of caution, this Court hereby grants.

## BACKGROUND

### A.   *The Underlying Crime*

Pallonetti worked at a bar, B & R Stars Bar, located in Bay Ridge, Brooklyn, which was co-owned by James Croney and James Trippett. (Pet. at 4-5.) On the night of November 19, 2004, Pallonetti was drinking at the bar, as was Dorothy Adinolfi, Pallonetti's ex-fiancée. (*Id.* at 3.) Two days before, Adinolfi had broken off their engagement and informed Pallonetti that she had terminated her pregnancy. (*Id.* at 3) Pallonetti contends that on the night in question, he had been off of his prescribed antidepressant and antipsychotic medications and had taken "tranquilizers to excess." (*Id.*) He asserts that Trippett flirted and danced provocatively with Adinolfi to "egg[] him on," because he and Trippett had an "antagonistic" relationship. (*Id.* at 10, 12.) According to Pallonetti, he confronted Trippett, but Trippett cursed at him and hit him over the head with a blunt object. (*Id.* at 10.) None of the witnesses at the bar, however, observed Trippett hit Pallonetti. (*Id.* at 25.) At around 2:00 a.m., Pallonetti took a gun from behind the bar and used it to fatally shoot Trippett. (*Id.* at 10-11.) Petitioner then took cash from the cash register and fled the scene to a house in Staten Island where he was later arrested. (*Id.* at 9.)

According to the record, Pallonetti was examined by three mental health experts: a pychologist, Dr. Cheryl Paradis, and two psychiatrists, Drs. Alexander Bardey and Marc Tarle. None of the three reported any doubts about Pallonetti's competence to stand trial. Dr. Paradis, who testified on behalf of the defense, opined that on the night of the shooting, Pallonetti "was overwhelmed by such strong emotions that ... he was acting out of extreme emotional disturbance." (Tr. 290:10-13.) Dr. Bardey, also testifying on behalf of the defense, similarly concluded that in addition to "an altered mental state because of the various drugs or medications

he had in him[,] ... what he felt that day with regard to the loss of the child, the ending of the relationship and then the dancing between – and the flirting between Mr. Trippett and Miss Adinolfi, ... overwhelmed his threshold [such that h]e lost the ability at that moment to rationally control his behavior and it caused him to act under the influence of an extreme emotional disturbance" (*Id.* at 354:17-355:6.) Dr. Tarle, who testified as a rebuttal witness on behalf of the prosecution, disagreed with Dr. Bardey's diagnosis of schizoaffective disorder, and opined that Petitioner was not suffering from EED at the time of the shooting. (*Id.* at 401:7-9.) Dr. Tarle explained that he believed that Pallonetti was not credible. (*Id.* at 402:1-412:3.) He rejected Dr. Bardey's diagnosis of schizoaffective disorder, and instead diagnosed Pallonetti with episodic bipolar disorder or major depressive disorder. (*Id.* at 416:23-417:4.) He opined that Pallonetti's "episodic" mental disorders were not consistent with finding EED. (*Id.* at 412:4-420:15). Finally, Dr. Tarle opined that nothing that occurred on the night of the shooting was of a sufficiently "shocking, immediate value" to trigger EED, because tension between Pallonetti and Adinolfi was of a "chronic nature." (*Id.* at 421:15-18; 423:11-16.)

## B.   *Procedural History*

Pallonetti consented to a non-jury trial before Justice Tomei of the Kings County Supreme Court. Pallonetti admitted to committing the charged acts but asserted that he was acting under the influence of EED. Justice Tomei found Pallonetti guilty on all counts and sentenced him, on June 5, 2006, to a term of imprisonment of twenty years to life. (Pet.¶ 3.) Pallonetti appealed on the grounds that (1) the trial court should have, *sua sponte*, ordered a competency hearing and (2) the trial court's decision to reject his EED defense was against the weight of the evidence. On May 26, 2009, the Supreme Court of New York, Appellate Division, Second Department, affirmed his conviction. (*Id.* at ¶ 10(c)-(d); *People v. Pallonetti*, 62 A.D.3d

1027, 878 N.Y.S.2d 910 (2d Dept. 2009)). On November 13, 2009, the New York Court of Appeals denied leave to appeal. (*Id.* at ¶ 10(f); *People v. Pallonetti*, 13 N.Y.3d 861, 920 N.E.2d 101 (2009)).

On December 27, 2010, Pallonetti filed for a writ of error *coram nobis* in the Supreme Court of New York, Appellate Division, Second Department alleging that his appellate counsel was constitutionally ineffective in (1) failing to raise the argument that the trial court erred by not designating the counts upon which it rendered its verdict as required by NYCPL § 320.20(5), and (2) failing to raise the ineffectiveness of trial counsel in neglecting to request a competency hearing or object to the trial court's noncompliance with NYCPL § 320.20(5). (Pet. Coram Nobis Br. at 11-13.) The Supreme Court of New York, Appellate Division, Second Department denied that petition on May 17, 2011. *People v. Pallonetti*, 84 A.D.3d 1118, 1119, 922 N.Y.S.2d 804 (2d Dept. 2011). The New York Court of Appeals denied leave to appeal on November 8, 2011. *People v. Pallonetti*, 17 N.Y.3d 954, 959 N.E.2d 1029 (2011).

On July 15, 2011, Pallonetti filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After this Court ordered Petitioner to show cause why his petition should not be dismissed as a mixed petition, on June 26, 2014, Petitioner voluntarily withdrew his unexhausted claims. Currently before the Court are Petitioner's outstanding claims, namely:

(1) "Petitioner was denied due process when the Court, aware of his psychiatric history including hospitalizations and his then-current use of medications including an antipsychotic drug, failed to order, *sua sponte*, a C.P.L. § 730.30 Examination to determine his competency to stand trial." (Pet. Br. at 29-35.)

(2) "The verdict rejecting petitioner's EED defense was against the weight of the evidence when the defense['s] psychiatric proof showed that petitioner, no longer taking his antipsychotic and antidepressant medications on the night of the shooting, lost the ability to rationally control his behavior when he saw his ex-fiancé flirting with his boss with whom he had a long-term antagonistic relationship, and shot his boss as a result." (*Id* at 36-50.)

4

(3) "Petitioner was deprived effective assistance of ... appellate counsel" because appellate counsel did not raise trial counsel's (1) failure to request a competency hearing, and (2) failure to object when the trial court did not put the counts it was considering on the record, as required by NYCPL § 320.20(5), thereby depriving him of "his defense guaranteed him by the Sixth Amendment to the United States Constitution and New York State Constitution Article I, § 6." (*Id* at 57-65.)

## DISCUSSION

A district court may entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996).

### *A. Competence to Stand Trial*

Petitioner's argument that he was denied due process when the trial court failed to, *sua sponte*, order a competency hearing fails. The Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (internal quotation marks omitted). Thus, a trial court must order an evaluation if "the evidence [raises] a sufficient doubt as to defendant's competence to stand trial." *Perez v. Ercole*, No. 09-CV-1985 (SLT), 2010 WL 5475649, at *11 (E.D.N.Y. Dec. 30, 2010) (quoting *Nicks v. United States*, 955 F.2d 161, 168 (2d Cir. 1992)). However, there is such no obligation if the trial court "has not been given reasonable cause to believe that the defendant may be incompetent." *Id.* (quoting *Medina v. McGinnis*, No. 04 Civ 2515 (SHS) (AJP), 2004 WL 2088578, at *12 (S.D.N.Y. Sept. 20, 2004)).

Here, there is absolutely no evidence in the record to suggest that Pallonetti was not competent to stand trial, and as such, there was no obligation on the trial court to hold a competency hearing. Pallonetti was examined by three different mental health experts, two of

whom were retained by the defense, and not one of those experts even intimated that Pallonetti was unable to comprehend the nature of the proceedings or assist in his defense. *See United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986) ("[S]ince incompetency involves an inability to assist in the preparation of a defense or rationally to comprehend the nature of the proceedings, [the absence of] such difficulties provides substantial evidence of the defendant's competence.").[2] Accordingly, his petition on these grounds is denied.

## *B. Weight of the Evidence*

Petitioner's argument that the verdict rejecting his EED defense was against the weight of the evidence also fails, because federal habeas relief is not available to a petitioner who challenges a state conviction on state law grounds. *See* 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.") "A 'weight of the evidence' argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5)' which empowers New York State intermediate appellate court[s] to make weight of the evidence determinations." *Garrett v. Perlman*, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (citing *Correa v. Duncan*, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001) (holding that this Court is "precluded[, on a Section 2254 petition,] from considering [a weight of the evidence] claim.")).[3]

---

[2] Indeed, even Dr. Bardey's psychiatric evaluation, which is appended to the instant petition (which was not introduced at trial) reports that, at the time he was evaluated, "Pallonetti's speech was clear and coherent and there was no evidence of a thought disorder. He did not appear illogical, circumstantial or tangential. He reported no hallucinations or delusions.... He was alert and oriented in all spheres and did not appear to harbor specific cognitive deficits at this time. ... His judgment appeared currently intact...." (Pet. Ex. 1 at 14).

[3] Nor could Petitioner successfully recast his weight of the evidence claim as a claim alleging legal insufficiency – a claim that sounds in federal due process principles. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (holding that the Fourteenth Amendment requires that

Accordingly, because Petitioner has not made out a cognizable habeas claim, his petition on these grounds is denied.

### C. *Ineffective Assistance of Appellate Counsel*

Finally, Petitioner's argument that his appellate counsel was ineffective for neglecting to raise the trial court's failure to comply with NYCPL § 320.20(5) and to raise trial counsel's ineffectiveness in neglecting to request a competency hearing or object to the trial court's noncompliance with NYCPL § 320.20(5) fails. It should be noted that the merits of these underlying claims are not before this Court because they are unexhausted; rather this Court reviews the claim that was properly exhausted by Petitioner's *corum nobis* petition – that is, the alleged ineffectiveness of his appellate counsel's performance. *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001) (per curium).

Under *Strickland v. Washington*, in order to prevail on an ineffective assistance of appellate counsel claim, petitioner must (1) "show that counsel's performance was deficient" and (2) show that "the deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984); *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001) ("*Strickland's* two-prong test applies ... to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right."). The Supreme Court of New York, Appellate Division, Second Department held that Pallonetti "failed to establish that he was denied the effective assistance of appellate counsel." *People v. Pallonetti*, 84 A.D.3d 1118, 1119, 922 N.Y.S.2d 804 (2011). As a state court has already

---

"record evidence could reasonably support a finding of guilt beyond a reasonable doubt.") Where a petitioner raises the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original). Here, the evidence is clearly legally sufficient. Petitioner never disputed that he shot Trippett. The only disputed fact was whether he was suffering from EED at the time he shot Trippett. The prosecution's psychiatrist, Dr. Tarle, who the factfinder evidently credited, opined that he was not.

7

adjudicated Pallonetti's ineffective assistance of appellate counsel claim on the merits, to prevail on the instant petition he must establish that the state court's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). He can do neither, because it was neither contrary to law nor unreasonable for the Supreme Court of New York, Appellate Division, Second Department to conclude that appellate counsel's was not ineffective. Given that the case rested on Pallonetti's mental state, appellate counsel was entirely reasonable in focusing on the EED defense and Petitioner's competence to stand trial, and concomitantly excluding the weaker arguments that Petitioner now wishes had been raised. *See Dominique v. Artus*, 09-CV-623 WFK, 2014 WL 2740581, at *13 (E.D.N.Y. June 17, 2014) ("[T]he Supreme Court has ... noted that experienced appellate advocates understand 'the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.'") (citations omitted). Accordingly, Pallonetti's petition based on ineffective assistance of appellate counsel is denied.

## CONCLUSION

For the forgoing reasons, Pallonetti's petition for a writ of habeas corpus is denied.

**SO ORDERED.**

s/Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: Aug. 18, 2014
Brooklyn, New York

8